15-25-00101-CV

NO. _____

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
6/11/2025 7:52:40 AM
CHRISTOPHER A. PRINE
Clerk

IN THE FIFTEENTH DISTRICT COURT OF APPEALS FOR THE STATE OF TEXAS AT AUSTIN, TEXAS

**In re M. Brett Cooper, M.D.,**
*Relator*

On Petition for Writ of Mandamus
From the 493rd District Court at Collin County, Texas
Cause No. 493-08026-2024
The Honorable Judge Christine A. Nowak, Presiding

## DECLARATION OF AVI MOSHENBERG
## IN SUPPORT OF PETITION FOR WRIT OF MANDAMUS

Nicholas R. Lawson
Texas Bar No. 24083367
Avi Moshenberg
Texas Bar No. 24083532
LAWSON & MOSHENBERG PLLC
801 Travis Street, Suite 2101 #838
Houston, TX 77002
Telephone: (832) 280-5670
avi.moshenberg@lmbusinesslaw.com

Simona Agnolucci (*pending pro hac admission*)
Barrington Dyer (*pending pro hac admission*)
Jennifer J. Hardy
Texas Bar No. 24096068
Anika Holland (*pending pro hac admission*)
Emily Abbey (*pending pro hac admission*)
Isabella McKinley Corbo (*pending pro hac*

*admission*)
Zoe Packman (*pending pro hac admission*)
Rodolfo Rivera Aquino (*pending pro hac admission*)
Remy Carreiro (*pending pro hac admission*)
Emma Rodriguez (*pending pro hac admission*)
WILLKIE FARR & GALLAGHER LLP
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 858-7470

1. I am an attorney at the law firm of Lawson & Moshenberg PLLC. I represent Relator M. Brett Cooper M.D. ("Dr. Cooper") in *The State of Texas v. M. Brett Cooper, M.D.*, Cause No. 493-08026-2024, pending in the 493rd Judicial District Court in Collin County, Texas. I am a member in good standing of the State Bar of Texas. I provide this declaration in support of Dr. Cooper's Petition for Writ of Mandamus. I have personal knowledge of the facts stated herein, and I could and would testify thereto if called as a witness in this matter.

2. On February 28, 2025, Dr. Cooper made an initial production of documents, including Dr. Cooper's curriculum vitae and some employment documents, to the State via my co-counsel Willkie Farr & Gallagher's Litigation Support Technology Coordinator.

3. On April 22, 2025, Dr. Cooper filed his Plea to the Jurisdiction and Rule 91a Motion. On April 28 and 30, 2025, my co-counsel at Willkie Farr &

Gallagher asked the Court Coordinator for Respondent, the Honorable Christine A. Nowak, to set the combined motions for a hearing.

4. On May 2, 2025, the trial court set the Motion to Dismiss and Motion to Compel for May 29. It did not set the Plea for hearing at that time.

5. Following further correspondence between the trial court and the parties, on May 12, Dr. Cooper sought clarity from the Court Coordinator that the State's Motion to Compel and Dr. Cooper's Rule 91a Motion to Dismiss would be set for hearing on May 29, but the plea to the jurisdiction would not be set for hearing that day. The Court Coordinator confirmed that that was correct and the Motion to Dismiss and Motion to Compel were set on May 29.

6. On May 21, 2025, Dr. Cooper filed in this Court a Petition for a Writ of Mandamus and Emergency Motion to Stay to compel the trial court to set a hearing on his Plea to the Jurisdiction.

7. On May 23, 2025, the trial Court Coordinator wrote to the parties that it had received Dr. Cooper's mandamus briefing and "given the concerns raised by briefing, we will formally add the plea to the docket for May 29 alongside the other motions we have been asked to set. Judge Nowak asks that supplemental briefing be filed by the Parties on or before noon on May 28 specifying what targeted jurisdictional discovery, if any, has been requested/is still needed/has occurred

including specifically on the issues of employment/privileges of Dr. Cooper." App. 2 (May 23 Court Email).

8. Because this granted Dr. Cooper's requested relief, that same day Dr. Cooper withdrew and voluntarily dismissed his Mandamus Petition and Emergency Motion for Stay as moot.

9. At the May 29 hearing on the Plea to the Jurisdiction, the trial court ordered that targeted jurisdictional discovery was needed, but, at the same time ruled that patient "depositions that are already scheduled may proceed" on the merits. Specifically, the deposition of Patient 15 had been previously scheduled for June 17, 2025. Counsel for Dr. Cooper repeatedly objected to this deposition going forward on the grounds it is merits-based discovery and not jurisdictional discovery. The trial court explained the deposition "would go to both jurisdiction and merits" and acknowledged the State has "identified that it will go in part to the merits," but ordered it to proceed anyway.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Houston, State of Texas, on the 10th day of June, 2025.

/s/ Avi Moshenberg
Avi Moshenberg